UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Quintin M. Littlejohn, | ) | C/A No. 6:10-0940-RBH-WMC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| State of South Carolina;<br>United States of America;<br>Mary Black Hospital, | ) | |
| Defendants. | ) | |

## *Background of this Case*

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina.

The "STATEMENT OF CLAIM" portion of the *pro se* complaint indicates that this case arises out of a court order directing that the plaintiff be forced to take medication.

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

1

The plaintiff also objects to the recent agreement reached by the governments of the United States and the Russian Federation with respect to strategic nuclear arms. *See* State Department's Press Release of April 8, 2010, available at http://www.state.gov/r/pa/prs/ps/2010/04/139820.htm#op_ed ("Today the United States and Russia will sign the New Strategic Arms Reduction Treaty (START) in Prague, reducing the number of strategic nuclear warheads in our arsenals to levels not seen since the first decade of the nuclear age.").

The plaintiff uses his often-repeated phrase "K-DLLL." *See also* plaintiff's Answer to Court's Special Interrogatory (Entry No. 2) in *Quintin Littlejohn v. Bill Clinton, et al.*, Civil Action No. 6:01-2285-13AK, where in the plaintiff, in response to a Special Interrogatory from this court, explained what the acronym "K-DLLL" meant. The acronym "K-DLLL" stands for "Kosovo Doctrine Littlejohn Litigation Law." In his prayer for relief, the plaintiff seeks "500,000 Times the worth of K-DLLL[.]"

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

      The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers, such as the President of the United States, or employees as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58

4

(1963). Similarly, the bar of sovereign immunity cannot be avoided by the filing of a suit against a federal agency or a federal department. *See Campbell v. United States*, 496 F. Supp. 36, 37-38 & n. * (E.D. Tenn. 1980).

Even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the United States is entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[4] Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

There is no indication that the plaintiff has filed an administrative claim with the United States Department of Justice. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*,

---

[4]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

223 F.3d 275, 278 (4th Cir. 2000).[5] An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2; and the "STANDARD FORM 95." Since the complaint does not show that the plaintiff has submitted a Standard Form 95 to the appropriate federal agency or to the United States Department of Justice, this case should be dismissed for failure to exhaust federal administrative remedies.

Insofar as the plaintiff is complaining about the foreign policy of the United States with respect to nuclear weapons, this case is subject to summary dismissal under the "political question" doctrine. Under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address the plaintiff's claims relating to an alliance or alliances of the United States, its foreign policy toward other nations and international organizations, or matters handled by the United Nations Security Council or the International Court of Justice. *Goldwater v. Carter*, 444 U.S. 996, 1002-1006 (1979). The "political question" doctrine discountenances judicial interference with certain types of cases involving the other branches of the Government of the United States. *Baker v. Carr*, 369 U.S. 186, 211 (1962). *See also Dellums v. Bush*, 752 F. Supp. 1141 (D.D.C. 1990); and *Eckert International v. Government of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 171 (E.D. Va. 1993) (purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations"), *affirmed*, *Eckert International v. Government of the Sovereign Democratic Republic of Fiji*, 32 F.3d 77 (4th Cir. 1994). *Cf. Flast v. Cohen*, 392 U.S. 83, 97 (1968) (federal judicial

---

[5]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

power usually limited to disputes capable of being resolved through judicial process); and *FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions.").

Although the Mary Black Hospital is not immune from suit,[6] it has quasi judicial immunity because it was carrying out an order of a South Carolina judge to administer psychotropic medications to the plaintiff. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their

---

[6]According to information from the South Carolina Secretary of State database on the LEXIS®, the Mary Black Health System, LLC, is a for-profit business entity incorporated in Delaware. The Mary Black Health System, LLC, operates the Mary Black Memorial Hospital (www.maryblackhealthsystem.com) in Spartanburg, South Carolina.

official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).[7] *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 U.S.Dist. LEXIS 17182, 1999 WL 1000510 (N.D. Ill., Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).[8]

---

[7]Insofar as court reporters in federal criminal trials are concerned, the holding in *Scruggs v. Moellering*, which granted absolute immunity to court reporters, is not applicable. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) (resolving inter-circuit conflict between circuits holding that court reporters in federal criminal trials have absolute immunity and circuits holding that court reporters in criminal trials have qualified immunity).

[8]In *Quintin M. Littlejohn v. Dr Michael Ferlauto, all agents in active concert both individual and in their official capacity*, Civil Action No. 6:07-3651-RBH-WMC, the plaintiff brought a civil rights action concerning forced medication. Service of process was authorized in Civil Action No. 6:07-3651-RBH-WMC, but the plaintiff did not respond to the defendant's motion for summary judgment, even though a *Roseboro* order, *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), had been issued. In a Report and Recommendation filed in Civil Action No. 6:07-3651-RBH-WMC on June 5, 2008, the undersigned recommended that the case be dismissed for lack of prosecution. The parties in Civil Action No. 6:07-3651-RBH-WMC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a
(continued...)

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

April 16, 2010                                                                         s/William M. Catoe
Greenville, South Carolina                                United States Magistrate Judge

---

(...continued)
failure to do so. No objections were filed. On June 27, 2008, the Honorable R. Bryan Harwell, United States District Judge, adopted the Report and Recommendation. No appeal was filed in Civil Action No. 6:07-3651-RBH-WMC.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).